IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael J. Smith, | : | **CASES CONSOLIDATED** |
| Petitioner | : | |
| | : | |
| v. | : | No. 1045 C.D. 2022 |
| | : | No. 1046 C.D. 2022 |
| City of Philadelphia (Workers' | : | |
| Compensation Appeal Board), | : | |
| Respondent | : | Submitted: June 6, 2023 |


BEFORE:     HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE LORI A. DUMAS, Judge
            HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                    FILED: August 9, 2023


Michael J. Smith (Smith) petitions for review of the September 7, 2022 order of the Workers' Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ) February 18, 2022 order that granted the City of Philadelphia's (Employer) Petition to Modify Compensation Benefits (Modification Petition). On appeal, Smith argues the Board erred in affirming the WCJ's decision because it was not supported by substantial, competent evidence and was wrong as a matter of law. After review, we affirm the Board.

## I.      Factual and Procedural Background

Smith worked for Employer as a youth detention counselor. WCJ Decision, 2/28/22 (WCJ Dec.), Findings of Fact (F.F.) ¶ 8.a. Smith explained the position

involved, "counseling, physical restraining of aggressive kids — male and female, and transporting children to court, medical appointments and/or trips to the hospital." *Id.* While acting in his role as a counselor, Smith sustained injuries on two separate occasions: September 21, 2017, and July 10, 2019. *Id.* ¶ 8.b & c.

On September 21, 2017, while assisting his partner with restraining a resident, Smith was injured. *Id.* ¶ 8.b. On October 12, 2017, Employer submitted a Notice of Compensation Payable (NCP) acknowledging Smith's work injury as a strain or tear injury to his left shoulder and low back. Reproduced Record (R.R.) at 284. Employer paid Smith workers' compensation benefits beginning September 22, 2017. *Id.* at 285. On December 8, 2017, Smith returned to full-duty work. WCJ Dec., F.F. ¶ 8.b.

On July 10, 2019, staff had to physically restrain a resident when escorting him to his room. *Id.* ¶ 8.c. Smith tripped and fell during this incident and injured his lower back. *Id.* After this injury, Employer issued an Amended NCP accepting Smith's July 10, 2019 work injury as a lower back area strain or tear. R.R. at 1. Employer paid Smith workers' compensation benefits beginning July 15, 2019. *Id.* at 2.

On October 30, 2020, Employer filed a Petition to Terminate or Suspend Workers' Compensation Benefits (Petition to Suspend) averring Smith was fully recovered from his September 21, 2017 injury. R.R. at 5. Also on October 30, 2020, Employer filed a Petition to Terminate Workers' Compensation Benefits (Termination Petition) asserting Smith was fully recovered from his July 10, 2019 injury. *Id.* at 8. In support of these two petitions, Employer offered a medical opinion that Smith was fully recovered from his September 21, 2017, and July 10, 2019 work injuries as of May 28, 2020. *Id.* at 6, 8-9.

On November 17, 2020, Smith filed a Petition to Review Compensation Benefits (Review Petition), alleging the description of his July 10, 2019 injury was incorrect and should include "aggravation of lumbar degenerative disc disease." *Id.* at 11.

On April 27, 2021, Employer filed the Modification Petition based on a "Specific Job Offer." *Id.* at 14. Employer alleged Smith was "capable of light[-] duty work and as of April 8, 2021, a light[-]duty position is available, which was offered to Claimant and to which he returned to work, but then stopped due to personal reasons." *Id.*

The WCJ granted Smith's Review Petition and denied Employer's Petition to Suspend and its Termination Petition. WCJ Dec., at 13. The WCJ granted Employer's Modification Petition, modifying Smith's benefits as of April 8, 2021. *Id.* On September 7, 2022, the Board affirmed the WCJ. Board Opinion, 9/7/22 (Bd. Op.), at 9.

On September 27, 2022, Smith filed a Petition for Review presenting the following issue: "The [WCJ's] decision to modify [Smith's] benefits as of April 8, 2021, was not supported by substantial and competent evidence and was wrong as a matter of law." Petition for Review ¶ III.A.[1]

## II. Discussion

In a workers' compensation appeal, we are limited to determining whether the necessary findings of fact are supported by substantial evidence, whether the Board committed an error of law, or whether the Board's decision violates a party's constitutional rights. *See Elberson v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 936 A.2d 1195, 1198 n.2 (Pa. Cmwlth. 2007). Substantial evidence is such relevant

---

[1] On October 28, 2022, this Court consolidated the cases for disposition.

3

evidence that a reasonable mind might accept as adequate to support a conclusion. *Republic Steel Corp. v. Workmen's Comp. Appeal Bd. (Shinsky)*, 421 A.2d 1060, 1062 (Pa. 1980).

Questions of credibility, conflicting medical evidence and evidentiary weight fall within the WCJ's authority, and the WCJ is free to accept the testimony of any witness, including medical witnesses, in whole or in part. *Ingrassia v. Workers' Comp. Appeal Bd. (Universal Health Servs., Inc.)*, 126 A.3d 394, 399 n.5 (Pa. Cmwlth. 2015). The WCJ is the ultimate factfinder, but a WCJ must provide reasons for accepting or rejecting evidence. *Id.* at 402-03.

Under the Workers' Compensation Act (Act),[2] Section 306(b)(2),[3] an employer may seek modification of a claimant's benefits by either offering the claimant an available, specific job he can perform, or by establishing the claimant's earning power through expert opinion evidence. 77 P.S. §512(2). In this case Employer did not establish Smith's earning power with an expert opinion, but rather relied on the offer of a specific job to support its Modification Petition.

When an employer has an open position and seeks to modify a claimant's benefits, the employer must prove 1) the claimant is physically capable of performing the work, and 2) the employer offered the specific job to claimant. *South Hills Health System v. Workers' Comp. Appeal Bd. (Kiefer)*, 806 A.2d 962 (Pa. Cmwlth. 2002).

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[3] Section 306(b)(2) was most recently amended by the Act of December 23, 2003, P.L. 371, No. 53.

<u>Physically Capable</u>

On September 29, 2021, Smith testified before the WCJ via videoconference. WCJ Dec., F.F. ¶ 8. Smith testified he had persistent, constant back pain. *Id*. ¶ 8.d. He took "Flexeril, ibuprofen and a lidocaine patch," as prescribed. *Id*. Smith said he had pain across his low back every day, with some days worse than others. *Id*.

Smith testified Employer asked him twice to return to work since July 10, 2019. *Id*. ¶ 8.e. The first time Smith returned to work, in March 2021, the job required him to stand for eight hours. *Id*. Smith performed this job for two days and claimed it caused him low back problems. *Id*. Smith testified Employer then offered him a light-duty office clerk job on April 8, 2021. *Id*. ¶ 8.f. Smith worked for one half-day in that position, then said his pain was unbearable and told a supervisor he could not finish the day. *Id*. Employer sent Smith for an evaluation by one of its designated workers' compensation doctors at WorkNet. *Id*. ¶ 8.g. The WorkNet doctors released Smith to light-duty work. *Id*. The WCJ noted WorkNet doctors already had released Smith to light-duty work as of August 2020. *Id*. ¶ 8.e.

The WCJ accepted Smith's testimony he was unable to return to his pre-injury job as a youth detention counselor and was not fully recovered from either work injury based on "the testimony and credibility in part of [Smith] himself." *Id*. ¶ 19.

In addition to Smith's testimony, the WCJ received the testimony of two medical witnesses. Employer submitted the deposition testimony of Scott Rushton, M.D. (Dr. Rushton). Dr. Rushton is a board-certified orthopedic surgeon with a subspecialty in spinal surgery. *Id*. ¶ 10.a. Dr. Rushton examined Smith on May 28, 2020, reviewed records and magnetic resonance imaging (MRI), and took Smith's account of his injuries. *Id*. ¶ 10.b, .e, .f. Dr. Rushton reviewed a functional capacity evaluation of Smith that concluded he could perform medium-duty work. *Id*. ¶ 10.f.

Dr. Rushton opined Smith was capable of returning to his pre-injury job as a youth detention counselor. R.R. at 148.

Smith submitted the deposition testimony of Kevin O'Donnell, D.O. (Dr. O'Donnell), an orthopedic physician, board certified since 2018. WCJ Dec., F.F. ¶ 12.a. Dr. O'Donnell examined Smith on three occasions and reviewed his MRI reports. *Id*. ¶ 12.b, .d, .f, .h, .i. Dr. O'Donnell did not believe Smith could perform his pre-injury job as a youth detention counselor. *Id*. ¶ 12.g. Dr. O'Donnell reviewed a letter from Employer and understood in the office clerk job, Smith would answer phones, type letters, walk around an office and hand out mail. R.R. at 71-72. Dr. O'Donnell opined if Smith could get up, move around, and did not have to sit the entire time, Smith could perform the office clerk job. WCJ Dec., F.F. ¶ 12.k.

The WCJ accepted the testimony of Dr. O'Donnell over that of Dr. Rushton based on "Dr. O'Donnell's greater familiarity with [Smith's] medical status." *Id*. ¶ 19. The WCJ accepted Smith's testimony he was unable to return to his pre-injury job and was not fully recovered from either work injury. *Id*. ¶ 19. The WCJ noted that while the medical experts disagreed in part, "[b]oth medical witnesses . . . find [Smith] able to do the office clerk job." *Id*. The WCJ relied upon the testimony of Employer's medical witness, Smith's medical witness, and Smith himself to determine Smith was not physically capable of returning to his pre-injury job as a youth detention counselor but was physically capable of performing the office clerk job.

Specific Job

After establishing Smith's physical capabilities, Employer must show it offered Smith a specific position within those capabilities. *South Hills Health Sys.*, 806 A.2d 962. The Pennsylvania Supreme Court, in *Kachinski v. Workmen's*

6

*Compensation Appeal Board (Vepco Construction Co.)*, 532 A.2d 374 (Pa. 1987), set forth guidelines for proving work availability for injured employees as follows:

> 1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.
> 2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.*, light work, sedentary work, etc.
> 3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).
> 4. If the referral fails to result in a job then claimant's benefits should continue.

*Kachinski*, 532 A.2d at 380.

After *Kachinski*, the General Assembly enacted amendments to Section 306(b)(2) in 1996, which revision is known as Act 57.[4] These amendments impacted the application of the *Kachinski* guidelines, however, this Court declared "[d]espite the amendments . . . known as Act 57 dealing with earning power assessments, *Kachinski* and its progeny still remain applicable in situations where an employer seeks a modification or suspension of benefits based on an offer of a specific job within its organization." *Vaughn v. Workers' Comp. Appeal Bd. (Carrara Steel Erectors),* 19 A.3d 545, 548 n.5 (Pa. Cmwlth. 2011) (citing *Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap)*, 2 A.3d 689, 693 n.7 (Pa. Cmwlth. 2010)).

In Employer's Modification Petition, Employer stated, "as of April 8, 2021, a light[-]duty position is available, which was offered to [Smith] . . . ." R.R. at 14. Smith testified he performed the office clerk job for one half-day, then he reported

---

[4] Act of June 24, 2996, P.L. 350, No. 57.

7

pain to his supervisor. *Id.* at 210-11. According to Smith, the job involved "sitting and dealing with paperwork, mailing envelopes, submitting court documents." *Id.* at 210.

Dr. O'Donnell reviewed a letter from Employer entitled "City of Philadelphia temporary assignment," and testified the letter stated Employer had "identified a position at One Parkway." *Id.* at 70. Dr. O'Donnell read the job restrictions in the letter, including "no ladder climbing," no "stair climbing," and "no crouching, bending at waist and twisting." *Id.* at 70. Dr. O'Donnell said the letter "just kind of goes on what [Smith] will be doing." *Id.* at 70.

Smith argues it was error for the WCJ and Board to grant Employer's Modification Petition because "relevant case law holds a job-offer letter must include the rate of pay in order to provide sufficient notice under Section 306(b)(2), 77 P.S. § 512(2)." Petitioner's Brief at 6. Smith cites *Vaughn* as support for this proposition.

In *Vaughn*, this Court affirmed the grant of an employer's modification petition concluding the employer's letter informing the claimant he could return to a modified-duty position was sufficient to provide notice to the claimant of what the job entailed. This Court noted the Pennsylvania Supreme Court held "an employer's job 'referral should be reviewed in a common sense manner in order to determine whether a suitable position has been made available to the claimant.'" *Vaughn*, 19 A.3d at 548 (citing *Eidem v. Workers' Comp. Appeal Bd. (Gnaden–Huetten Mem'l Hosp.)*, 746 A.2d 101, 104 (Pa. 2000)). Unlike the circumstances in this case, when an employer provides *referrals* to a job an employee *has not been employed in before*, "the employer must provide information related to the job duties and classification so that the claimant can make an informed decision regarding whether

8

the position offered is within her capabilities." *Vaughn*, 19 A.3d at 548 (citation omitted). However, as is the case with Smith, when an employer offers claimant *a job he previously performed*, "no job position or duties must be specified . . . since the claimant can 'reasonably assume that he is being offered the same position' that he has previously worked, and thus, is familiar with the requirements of that position." *Id.* Therefore, having been employed in the office clerk position before, Smith should be familiar with the job requirements, and he may reasonably assume Employer is offering him the same position he performed before. Contrary to Smith's argument, *Vaughn* does not stand for the proposition an employer must include the rate of pay in its offer of employment.

Ultimately, the WCJ determined "Employer has met its burden of proof that [Smith] was able to work in a modified-duty position of office clerk which was open and available as of April 8, 2021, whereby his benefits should be modified as of April 8, 2021." WCJ Dec., F.F. ¶ 18.[5] The WCJ adequately considered Smith's physical capabilities and Employer's job offer, and the Board affirmed the WCJ's decision concluding it was based on substantial evidence and there was no error of law. We discern no error in the Board's affirmation of the WCJ's decision.

### III.    Conclusion

For the foregoing reasons, we conclude the Board did not err when it affirmed the WCJ's order granting Employer's Modification Petition. Accordingly, we affirm the Board's order.

_____
STACY WALLACE, Judge

---

[5]  Employer did not provide the pay rate for the office clerk position in its Modification Petition or elsewhere in the record. In the absence of this information, while the Board's order modifies the status of Smith's benefits to partial disability benefits, it does not change the rate of Smith's benefits.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael J. Smith,
      Petitioner

    v.

City of Philadelphia (Workers'
Compensation Appeal Board),
      Respondent

: **CASES CONSOLIDATED**
:
:
: No. 1045 C.D. 2022
: No. 1046 C.D. 2022
:
:
:

# **O R D E R**

  **AND NOW**, this 9th day of August 2023, the September 7, 2022 order of the Workers' Compensation Appeal Board is **AFFIRMED**.

            _____
            STACY WALLACE, Judge